UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ABBIE E. STANLEY, JR. and CAROLYN A. STANLEY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 3:19-CV-1124 JD<br>) |
| THOR MOTOR COACH, INC., GENERAL R.V. CENTER, INC., and BANK OF AMERICA, NATIONAL ASSOCIATION, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**OPINION AND ORDER**

Abbie and Carolyn Stanley purchased a new Thor Synergy RV from General RV Center, Inc. ("General RV") in 2018 for approximately $100,000. [DE 1]. The sales contract for the RV was presented to the Stanleys at the General RV dealership and it was executed at the dealership. Thor Motor Coach, Inc. ("Thor Motor") is a final stage assembler of RVs and assembled the RV at issue before selling it to General RV. Thus, Thor Motor is a warrantor of the RV that the Stanleys purchased. The contract of sale for the RV was assigned to Bank of America, National Association ("Bank of America"). The Stanleys allege that when the RV was delivered it "was defective in materials and workmanship, with such defects being discovered within the warranty periods." [DE 1 at 4]. The defects, which included water leaks in the RV's kitchen that ruined the floors, negatively impacted the Stanleys' ability to use the RV and they claimed that it spent over 100 days being repaired after they purchased it. *Id.* at 5. The Stanleys allege that the RV's defects have substantially impaired its use, value, and safety. *Id.* The attempted repairs of the RV under agreed upon warranties have been unsuccessful. The Stanleys are alleging a violation of

the Magnuson-Moss Warranty Act and breach of express and implied warranties and/or contract against each of the defendants in addition to a lender liability claim asserted against Bank of America. The Stanleys are now seeking both economic and actual damages, attorneys' fees and costs, as well as rescission of the RV sales contract.

General RV moved to dismiss the case for lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3) due to a forum-selection clause found in the RV's Purchase Agreement. [DE 11]. Bank of America concurs with General RV's motion and argues that the Stanleys' claims against it are inextricably tied to the claims against General RV. [DE 12]. Thor Motor also joined in General RV's motion to transfer or dismiss. [DE 13]. The Stanleys then filed a notice of voluntary dismissal without prejudice of General RV and Bank of America pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. [DE 14]. For the reasons provided below, the Court recognizes the Plaintiffs' notice for voluntary dismissal without prejudice of General RV and Bank of America and denies Thor Motor's motion to transfer or dismiss.

## I. STANDARD OF REVIEW

### A. RULE 12(b)(2)

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move to dismiss for lack of personal jurisdiction. Once a defendant moves to dismiss on that basis, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). To that end, the parties may submit, and a court may consider, materials outside of the pleadings. *Id.* In ruling on such a motion, a court must first determine whether the plaintiff has made out a *prima facie* case of personal jurisdiction. *Id.*; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). At that stage, a court must "take as true all well-pleaded facts alleged in the complaint and resolve any

factual disputes in the affidavits in favor of the plaintiff." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *Purdue*, 338 F.3d at 782. If the plaintiff meets that initial burden but there are material factual disputes, the Court must then hold an evidentiary hearing, at which point the plaintiff must prove any facts supporting jurisdiction by a preponderance of the evidence. *Hyatt*, 302 F.3d at 713.

### B.  RULE 12(b)(3)

Under Rule 12(b)(3), a party may move for dismissal of an action that is filed in an improper venue. *See* Fed. R. Civ. P. 12(b)(3). When a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed the case in the proper district. *See Gilman Opco LLC v. Lanman Oil Co.*, 2014 WL 1284499, at *2 (N.D. Ill. 2014). Under Rule 12(b)(3), "the district court assumes the truth of the allegations in the plaintiff's complaint, *unless* contradicted by the defendant's affidavits." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016).

## II.  DISCUSSION

### A.  VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)

Although the Stanleys did not indicate in their notice which subsection under Rule 41(a)(1) applies, this Court construes it as a notice under Rule 41(a)(1)(A)(i), which allows for voluntary dismissal by the plaintiff without a court order if the notice of dismissal was filed before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a). The Stanleys are attempting to voluntarily dismiss both General RV and Bank of America from the suit after both parties brought a motion to dismiss for lack of personal jurisdiction and lack of venue. Neither defendant filed an answer, but General RV did supply exhibits to support its motion to dismiss. [DE 11]. The Court notes that technically Rule 41(a) does not apply here, as it refers to the dismissal of "an action," as opposed to dismissal of a

3

specific claim or party. *Taylor v. Brown*, 787 F.3d 851, 857–58 (7th Cir. 2015) (stating that "Rule 41(a) should be limited to dismissal of an entire action" and that Rule 15(a) is the proper vehicle for adding or dropping parties or claims). However, no party has responded in opposition to the notice, so the Court construes it as a motion under Rule 15(a) and GRANTS the motion to dismiss General RV and Bank of America and the claims against them without prejudice.

### B.  PERSONAL JURISDICTION

Next, the Court addresses the motion to dismiss for lack of personal jurisdiction and venue that Defendant Thor Motor joined. [DE 13]. Thor Motor first asserts that this Court lacks personal jurisdiction over it and therefore must dismiss the suit under Rule 12(b)(2). As an initial matter, there is a high bar for asserting general jurisdiction over a defendant. *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015). General jurisdiction is 'all-purpose' and exists "only when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A defendant is "essentially at home" in the forum state when a defendant corporation is incorporated or has its principal place of business within the state. *See Kipp*, 783 F.3d at 698. This standard is rigorous because "the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *NExTT Sols., LLC v. XOS Techs., Inc.,* 71 F. Supp. 3d 857, 861 (N.D. Ind. 2014) (quoting *uBID, Inc. v. GoDaddy Grp., Inc.,* 623 F.3d 421, 426 (7th Cir. 2010)).

The general jurisdiction bar established by the Supreme Court rulings in *Goodyear* and *Daimler* is high, but Thor Motor meets it here. While Thor Motor was incorporated in the state

4

of Delaware, its principal place of business is located in Elkhart, Indiana. [DE 15 at 1]. A corporation's principal place of business is a paradigm base for finding general jurisdiction. *Daimler*, 571 U.S. at 137. Therefore, the Court finds that it has general jurisdiction over Thor Motor and its' motion to dismiss under Rule 12(b)(2) is denied.

### C. VENUE

"Personal jurisdiction is the power to adjudicate, whereas venue is the place where judicial authority may be exercised for the convenience of the parties." *Siswanto v. Airbus*, 153 F. Supp. 3d 1024, 1031 (N.D. Ill. 2015). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.* at 55. Thus, under federal law, the three categories of proper venue are:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b). Since the other defendants were dismissed from this suit, category one of § 1391(b) clearly applies and this is a proper venue to bring a suit against Thor Motor. Moreover, the Court notes that Thor admitted in its answer that if the Court found jurisdiction to be proper then venue in the Northern District was likewise proper. [DE 15 at 3].

It is unclear whether Thor Motor continues to assert improper venue due to the forum selection clause found in the Purchase Agreement. Recognizing that Thor Motor is a non-

signatory to the Purchase Agreement between the Stanleys and General RV, the Court would have to find it has an affiliation or mutuality with one of the contracting parties in order to apply the clause to Thor Motor. *See Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 439 (7th Cir. 2012). Affiliation or mutuality is found in situations where the parties are under common ownership (parent and subsidiary) or where a principal-agent relationship exists. *See United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1054 (N.D. Ill. 2015). The Seventh Circuit has also allowed a non-signatory defendant to enforce a forum selection clause against a signatory plaintiff where there was a corporate affiliation between two of the parties and the non-signatory defendant had signed other contracts with the plaintiff such that it created a "cohesive contractual scheme." *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004). Here, Thor Motor does not allege that there is any kind of affiliation or mutuality relationship between it and General RV. Nor does it appear to argue there was any kind of cohesive contractual scheme such that the forum selection clause in the Purchase Agreement would apply to it as well. Thus, the Court finds that venue is proper, declines to transfer this suit, and denies Thor Motor's motion to dismiss under Rule 12(b)(3).

## CONCLUSION

For the reasons set forth above, the Court dismisses General RV and Bank of America from this suit. [DE 14]. The Court DENIES Thor Motor's motion to dismiss for lack of personal jurisdiction and lack of venue. [DE 11, 13].

SO ORDERED.

ENTERED:  August 28, 2020

                                          /s/ JON E. DEGUILIO
                                       Chief Judge
                                       United States District Court